UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JESSICA M. BROWN, )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>NEALE DUFFETT, ESQ., )<br>)<br>    *Defendant* ) | No. 2:15-cv-25-JHR |

### ORDER DISMISSING CASE
### FOR LACK OF SUBJECT MATTER JURISDICTION[1]

The plaintiff, who is proceeding *pro se*, has filed a motion to overturn her state court conviction, to subpoena evidence from the Portland Police Department, and to obtain evidence in the custody of James Cloutier, Esq., counsel for the defendant. *See* Motion to Overturn Conviction (ECF No. 10). She has also filed a motion *in limine* to preclude three Portland police officers from testifying in this case, *see* Motion for In Limine (ECF No. 11), as well as a motion to amend her complaint, *see* Amendment of The Pleadings: as follows ("Motion To Amend") (ECF No. 15).

I determine that the court is without power to act on the motions, and that the case must dismissed, for lack of subject matter jurisdiction.

### I. Applicable Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id*. (citation omitted). "It is to be

---

[1] The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 9.

1

presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted).

In his answer to the complaint, the defendant raised lack of subject matter jurisdiction as an affirmative defense. *See* Answer to Complaint (ECF No. 6), Defenses/Affirmative D[e]fenses, ¶¶ 1-2. However, even if he had not, the court has an independent duty to assure itself of the existence of subject matter jurisdiction. *See, e.g.*, *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte.").

## II. Factual Background

The plaintiff complains that, following a bench trial in the Maine Superior Court, Cumberland County, on December 21, 2007, she was wrongly convicted of criminal threatening with a dangerous weapon as a result of the defendant's malfeasance as her court-appointed attorney in that matter. *See* Pro Se Civil Rights Violation Complaint To Ask Federal Court To Review Possibility of Such Violation ("Complaint") (ECF No. 1) at Page ID ##9-10; *see also* Answer ¶ 1(b)-(c).

She alleges that she was not allowed to defend herself in the courtroom against the defendant's "repeated lies about me being a mentally defected human being[,] which I am not and have never been" and that "in essence I was not allowed . . . a defense because Neale Duffett did everything in his power to smear my name with lies of mental retardation or other mental defect which was not true to ensure that Portland police would come out smelling like a rose." Complaint at Page ID #9. She asserts, "My not being able to fire my court appointed lawyer Neale Duffett[,] who was acting as a prosecutor in my case and not defending[,] is most disturbing if not outright

illegal in itself and led me to waive my right to a jury trial because I knew Neale Duffet[t] was going to bold faced lie to the court with no medical proof that I was 'wacko.'" *Id*. at Page ID #10.

She alleges violation of unspecified constitutional rights because (i) she was not deposed prior to her bench trial, (ii) she was not allowed to fire the defendant as her attorney, (iii) a newspaper printed slander about her, (iv) she was not permitted to wear street clothes during the bench trial, (v) she was incarcerated for two-and-a-half years in the Cumberland County Jail and six months in prison because she refused counseling for an illness that she did not have, and (vi) her religious views were not respected when the bench trial was held on the Winter Solstice, a major Pagan holiday. *See id*. at Page ID #11.

She seeks relief in the form of the overturning of her conviction and "some type of settlement or compensation[.]" *Id*. at Page ID #13.

### III.  Discussion

"Generally, the courts recognize that a *pro se* plaintiff does not have the same education and training as an attorney, and therefore grant a *pro se* plaintiff some latitude in [her] complaint." *Francois v. Parish*, Civil Action No. 14-338, 2014 WL 7140206, at *2 (E.D. La. Dec. 12, 2014). "However, even after a liberal reading afforded for *pro se* plaintiffs, the complaint must allege sufficient facts from which the court can determine the existence of subject matter jurisdiction." *Id*. (citation and internal quotation marks omitted).  The plaintiff fails to do so here.

The plaintiff invokes federal-question subject matter jurisdiction, styling her complaint as one for redress of civil rights/constitutional violations. Although she "does not cite the federal civil rights statute, 42 U.S.C. § 1983, because [she] seeks a remedy for an alleged violation of [her] constitutional rights pursuant to state action, [her] claim is necessarily a section 1983 claim." *Nielsen v. Maine Unemployment Ins. Comm'n*, No. 1:14-cv-00300-JAW, 2014 WL 6632976, at

\*2 (D. Me. Nov. 21, 2014) (footnote omitted). Yet, for several reasons, the court lacks subject matter jurisdiction, either through the existence of a federal question or diversity of citizenship.

*First,* the court has no power to grant the plaintiff the requested relief of vacating her 2007 state court conviction. To obtain such relief, the plaintiff's "sole remedy is to file a Petition for a Writ of Habeas Corpus and fulfill all of the requirements for relief under 28 U.S.C. § 2254, including exhaustion of state court remedies and time limitations." *Thomas v. Reisch*, No. 5:14 CV 1372, 2014 WL 6687248, at \*2 (N.D. Ohio Nov. 26, 2014). *Accord Drewry v. Maine*, No. 1:14-mc-00187-JAW, 2014 WL 4987938, at \*1 n.2 (D. Me. Oct. 7, 2014) ("The Supreme Court has noted that Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement.") (citation and internal punctuation omitted).

"A Complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a Petition for Writ of Habeas Corpus." *Reisch*, 2014 WL 6687248, at \*2. Yet, even if I were to treat the plaintiff's complaint as a habeas petition, "it fails for the reason that [she] was not 'in custody' at the time it was filed." *Bryant v. Kansas*, No. 13-3153-SAC, 2014 WL 220488, at \*1 (D. Kan. Jan. 21, 2014); Post-Conviction Dismissal Order ("Post-Conviction Order"), *Brown v. State*, Docket No. CR-14-4384 (Me. Sup. Ct. Aug. 11, 2014), contained in Exh. 1 to Complaint, at 2 (noting that plaintiff had served the entirety of her sentence). "It is well established that the 'in custody' language of § 2254 is jurisdictional." *Bryant*, 2014 WL 220488, at \*1 (citation, internal punctuation, and footnote omitted).

*Second*, the court has no power to grant the requested relief of monetary damages stemming from the allegedly wrongful conviction. Pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), "when a section 1983 claimant seeks to recover damages for allegedly unconstitutional conviction

4

or imprisonment, [s]he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir. 1998) (citation and internal quotation marks omitted). *See also, e.g., Goodwin v. Clark*, No. 1:13-cv-00234-JAW, 2014 WL 4352012, at *6 (D. Me. Aug. 29, 2014) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.") (citation and internal quotation marks omitted).

The plaintiff does not allege that her conviction or sentence has been invalidated. To the contrary, she states that she "tried to rectify this civil rights violation in Cumberland County Court in the State of Maine and failed[.]" Complaint at Page ID #13. The State Post-Conviction Order corroborates that the Superior Court, Cumberland County, dismissed two petitions that she filed for post-conviction review. *See* State Post-Conviction Order.

*Third*, even if I were to construe the complaint as seeking monetary damages pursuant to section 1983 for something other than the plaintiff's allegedly wrongful conviction, the court has no power to grant such relief against this defendant. The court can grant such relief only against persons "acting under color of state law." *Ferrell v. Smith*, C/A No. 2:13-498-CMC-BM, 2013 WL 1680558, at *4 (D.S.C. Apr. 2, 2013) (rec. dec., *aff'd* Apr. 17, 2013) (citation and internal quotation marks omitted). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Young v. Penobscot*

5

*Bay Hosp.*, No. 2:11-cv-00114-JAW, 2011 WL 1598376, at *2 (D. Me. Apr. 26, 2011) (rec. dec., aff'd May 6, 2011) (citation and internal quotation marks omitted).

"Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." *Floyd v. County of Kent*, 454 Fed. Appx. 493, 497 (6th Cir. 2012). *See also, e.g., Ferrell*, 2013 WL 1680558, at *4 ("[I]t is settled law that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.") (emphasis omitted).[2]

*Fourth*, even assuming that the complaint sets forth one or more plausible claims pursuant to state law, the plaintiff fails to establish the existence of complete diversity of citizenship, as is required to proceed on that theory of federal jurisdiction. *See* 28 U.S.C. § 1332(a); *Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008) ("The statutory grant of federal jurisdiction in diversity cases gives district courts "original jurisdiction of all civil actions where the matter in controversy is between citizens of different States.") (citation and internal punctuation omitted).

---

[2] "Individuals who would otherwise not be considered state actors are properly considered to have acted under color of state law when they conspire with state actors to deprive an individual of their federal rights in violation of § 1983." *Walker v. Siebrasse*, Civil No. 14-5090-JLV, 2015 WL 2130503, at *5 (D.S.D. May 7, 2015) (citation and internal punctuation omitted). "Allegations of conspiracy, however, must be pled with sufficient specificity and factual support to suggest a meeting of the minds." *Id.* (citation and internal punctuation omitted). The plaintiff's characterizations of the defendant as acting as a prosecutor and/or in the interests of the police do not meet this standard. *See, e.g., Steele v. Hall*, No. 1:13 CV 1598, 2013 WL 4012769, at *2 (N.D. Ohio Aug. 6, 2013) ("conclusory allegations" in *pro se* plaintiff's complaint that his counsel "failed to represent [him] in a competent manner by filing frivolous motions and conspired with the state prosecutor would not survive a Rule 12(b)(6) motion to dismiss"; the complaint contained "no allegations from which it could be reasonably inferred that defendant [counsel's] alleged nonfeasance was attributable to the state"); *Harrington v. Wilson*, Civil Action No. 05-cv-01858-EWN-MJW, 2006 WL 2724094, at *13 (D. Colo. Sept. 21, 2006), *aff'd but remanded to provide for dismissal without prejudice*, 242 Fed. Appx. 514 (10th Cir. 2007) (conclusory allegations of conspiracies, amounting at best to "rank speculation and innuendoes[,]" were insufficient to demonstrate that private actors, including an attorney, could be held liable pursuant to section 1983).

She alleges that both she and the defendant reside in Portland, Maine.  *See* Complaint at Page ID #1.

"In some circumstances, if it appears that a pro se litigant might be able to plead adequate facts if he or she better understood the applicable law, the Court may provide some opportunity to understand what the law requires, along with an opportunity to supplement the pleadings, all in order to avoid a scenario in which a pro se plaintiff's claims are summarily dismissed with prejudice based on a failure to plead sufficient facts."  *Cote v. Barnhart*, No. 1:12-cv-00081-NT, 2012 WL 1038918, at *1 (D. Me. Mar. 23, 2012) (rec. dec., *aff'd* June 20, 2012).  *See also, e.g., Hughes v. Jansen*, No. 2:11-cv-01856-KJM-EFB, 2014 WL 4976230, at *5 (E.D. Cal. Sept. 30, 2014) (granting *pro se* plaintiff leave to amend complaint to cure deficiency of lack of subject matter jurisdiction when court could not "say that plaintiff will be unable to cure the jurisdictional problems with his complaint").  That is not the case here.  As discussed above, the court is without power, as a matter of law, to award the plaintiff the relief that she seeks – the overturning of her state court conviction and an award of damages on account of that wrongful conviction.

In these circumstances, the court is not obliged to afford the plaintiff an opportunity to avoid dismissal by amending her complaint to add new claims and/or new parties that might confer subject matter jurisdiction.  Nor does the plaintiff's Motion To Amend cure the defect.  She moves to amend her complaint to add a new claim against the defendant: that she "was persecuted by the police and the legal system because she was physically disabled at the time of shooting and on disability."  ECF No. 15 at [1].  However, construing this as a claim of violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, it fails as a matter of law.  An individual cannot be held liable pursuant to the ADA.  *See, e.g., Stile v. Somerset Cnty.*, No. 1:13-cv-00248-JAW, 2015 WL 667814, at *9 (D. Me. Feb. 17, 2015) (Title II of the ADA); *Velez-Miranda v.*

*Puerto Rico*, Civil No. 13-1371(PG), 2014 WL 4063326, at *2 (D.P.R. Aug. 15, 2014) (Title I of the ADA).  A futile claim cannot cure a jurisdictional defect.  *See, e.g., Blanchard v. Northway Bank*, Civil No. 13-cv-119-JL, 2013 WL 1775460, at *2 (D.N.H. Apr. 25, 2013).

### IV. Conclusion

For the foregoing reasons, the Complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Dated this 1st day of July, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge